**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

TOMEK OSSOSKI,

    Plaintiff,

v.

CARESPRING HEALTHCARE
HOLDINGS, INC., et al.,

    Defendants.

Case No. 1:15-cv-388

Bertelsman, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Through counsel, the above-captioned employment discrimination case was filed by Plaintiff more than five years ago. Ultimately, the matter was fully resolved through a court-facilitated settlement conference held on September 15, 2017. Three years after the dismissal of this action, Plaintiff has filed a pro se motion seeking to have the entirety of the record "sealed and not be made public." (Doc. 25). Plaintiff's motion has been referred to the undersigned magistrate judge by the presiding district judge.[1]

**I.    Analysis**

Plaintiff seeks to seal the record in order to prevent its discovery by any member of the public who types his name into a search engine. Plaintiff explains that "when someone types in my name in Google search the [case] shows up on [the] first line," which

---

[1] A magistrate judge may dispose of any non-dispositive "pretrial" motion by order. *See* 28 U.S.C. §636(b)(1)(A). Pursuant to 28 U.S.C. §636(b)(1)(B), a district judge also may refer dispositive motions and certain enumerated post-trial motions to a magistrate judge for a Report and Recommendation. The list of post-trial matters in §636(b)(1)(B) does not include a motion to seal the record, but a district judge may refer other matters "as are not inconsistent with the Constitution and laws of the United States." 28 U.S.C. § 636(b)(1)(3). A pretrial motion to seal would be non-dispositive. However, out of an abundance of caution based on the closed status of this case, the undersigned addresses the pending motion by Report and Recommendation rather than by Order.

Plaintiff believes is preventing him from obtaining employment. Unfortunately for Plaintiff, the stated grounds do not provide a basis for sealing this record.

Unlike information merely exchanged between the parties, "[t]he public has a strong interest in obtaining the information contained in the court record." *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)); *see also generally*, *Nixon v. Warner Comms.,* 435 U.S. 589, 597, 98 S.Ct. 1306 (1978). While public access to judicial records is not absolute, the strong presumption in favor of public access is not easily overcome. *Jessup v. Luther,* 277 F.3d 926, 928 (7th Cir.2002). Thus, "sealing of court records is not warranted absent the presence of a factor sufficient to outweigh the strong interest in public access, such as national security considerations, trade secrets, personal privacy interests, and personal safety concerns." *United States ex rel. Jack Permison v. Superlative Techs.,* 492 F.Supp.2d 561, 564 (E.D. Va.2007). A party's fear of embarrassment or harm to reputation does not provide grounds for sealing a public record. *See Mann v. Boatright,* 477 F.3d 1140 (10th Cir.2007); *Zurich American Ins. Co. v. Rite Aid Corp.,* 345 F.Supp.2d 497 (E.D.Pa.2004). That includes a fear of a negative impact on future employment. *See U.S. v. Bon Secours Cottage Health Services*, 665 F.Supp.2d 782, 786 (E.D. Mich. 2008) (holding that fear of retaliation by current or future employers is not sufficient basis to seal record). The "natural desire" of parties to safeguard their reputations against potentially prejudicial information "cannot be accommodated by courts without seriously undermining the tradition of an open judicial system." *Brown & Williamson Tobacco Corp.,* 710 F.2d at 1179-80.

## II.      Conclusion and Recommendation

Because Plaintiff fails to satisfy his heavy burden to show the need for sealing the entire record, **IT IS RECOMMENDED THAT** his pro se motion to seal this closed case (Doc. 25) be **DENIED**, with a copy of this R&R to be served upon Plaintiff at the address identified on the envelope containing the motion in addition to all counsel of record through the cm/ecf system.[2]

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

[2] The return address listed on the envelope in which Plaintiff mailed his motion to this Court is: 108 Southern Trace, Cincinnati, OH 45255.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

TOMEK OSSOSKI,

    Plaintiff,

v.

CARESPRING HEALTHCARE
HOLDINGS, INC., et al.,

    Defendants.

Case No. 1:15-cv-388

Bertelsman, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).